### JOHN WALKER *v.* NORBERT VAUDRY.

Plaintiff having paid A. the amount of a judgment, for which he had become liable,
as surety of B. on an appeal bond, obtained in February, 1842, a judgment subro-
gating him to all the rights of A. ; who, in December, 1840, had recovered judg-
ment against defendant, as surety of B., on a bail bond executed at the beginning of
the original suit, sued to revoke a sale made by defendant in December, 1840, as
fraudulent ; *Held*, that the prescription of one year, established by art. 1989 of the
Civil Code, must bar any action against defendant, by A. ; that plaintiff, being sub-
rogated to A.'s rights, can have no greater rights than he had ; that the judgment
of subrogation, of February, 1842, is not one rendered against the defendant, with-
in the meaning of art. 1989 ; and that the prescription did not commence to run
from its date, but from that of the judgment of A. against the defendant, obtained
in December, 1840.

APPEAL from the District Court of the First District, *Bucha-
nan*, J.

*Bartlette*, for the appellant, cited *Thibodeaux* v. *Thomasson
et al.*, 17 La. 353.

*Barthe*, for the defendant.

MORPHY, J.   The plaintiff having paid to Archibald P. Howe,
the amount of a judgment for which he had become liable, as
surety on an appeal bond, for one John Frazer, obtained, on the
21st of February, 1842, a judgment subrogating him to all the
rights of Howe ; who, on the 16th of December, 1840, had had a.
judgment entered up against the defendant Vaudry, as surety of
the said Frazer, on a bail bond given at the inception of the suit.
Having vainly endeavored, as he alleges, to obtain satisfaction of
the judgment. to which he was thus subrogated, the plaintiff, on
the 31st of October, 1842, brought the present action, in which
he seeks to avoid, and have revoked, a sale made by the defen-

dant Vaudry to F. Buisson on the 1st of December, 1840, as simulated, and executed in fraud of his rights. Several exceptions were taken by the defendant. The judge found it necessary to examine only one of them, to wit, that of prescription, which he sustained, and the plaintiff has appealed.

The inferior Judge decided correctly. The prescription relied on is founded upon art. 1989 of the Civil Code, which declares that the revocatory action is limited to one year, if brought by a creditor individually, to be counted from the time he has obtained judgment against the debtor. It is clear, under this provision of law, that Howe, who had obtained his judgment against Vaudry, on the 16th of December, 1840, could not have brought a revocatory action against him on the 31st of October, 1842. It is equally clear, that if Howe could not do it, Walker cannot; for a person subrogated to the rights of another cannot have any other, or greater rights than the latter had. But, it is contended, that the one year should be counted only from the 21st of February, 1842, when the plaintiff obtained a judgment against Vaudry. This judgment was not one rendered against the defendant, within the meaning of the article above quoted. It only gave to Walker the right of enforcing, for his own benefit, the judgment already rendered on the 16th of December, 1840, in favor of Howe; or, in other words, declared him subrogated to all Howe's rights under this judgment, in the same manner as if he had obtained from Howe a conventional subrogation to his said rights.

*Judgment affirmed.*